SILVERMAN, Circuit Judge,
dissenting:
As the memorandum points out, federal courts do not appoint counsel for civil litigants except in extraordinary circumstances, but in my opinion, this is one of those rare situations.
It is undisputed that the prison officials moved plaintiff to a different state prison facility because they knew he was in danger where he was. It is also undisputed that the officials then moved another state prison inmate to the county jail facility where plaintiff had been safely relocated. It is further undisputed that within 24 hours of that move, plaintiff was badly beaten by the other inmate and that he suffered severe and permanent injuries, including head trauma requiring at least two surgeries. Plaintiffs constitutional claims are not guaranteed winners, but neither are they frivolous, nor are his injuries trifling.
In addition, plaintiff plausibly alleged that the head injuries he sustained actually interfere with his ability to pursue his case. Given the nature and severity of the injuries he suffered, this is not an incredible allegation. For whatever reason, whether medical or otherwise, it is readily apparent from the mountain of irrelevant junk that plaintiff filed in district court that he does not have the ability to properly pursue his plausible claims for the redress of his serious physical injuries. We appointed counsel to represent plaintiff on appeal, but by that time, plaintiff had damaged his case beyond repair. Not even a conscientious law school appellate clinic could salvage it.
Given the plausibility of at least some of his claims, the severity of his injuries, and his obvious inability to represent himself, the district court should have appointed counsel for plaintiff. I respectfully dissent.